PER CURIAM.
This action for rental of a dragline and for damage thereto during the lease period resulted in the judgment appealed from, whereby the plaintiff Joseph G. Moretti, Inc. recovered $31,036 against the defendant Square Deal Machinery & Supply Co., Inc.; Square Deal, as third party plaintiff recovered $19,786 against Morrison Trucking Co., Inc.; and Morrison, as counter-claimant on the cross-claim recovered $12,850 against Square Deal. This appeal was filed by Square Deal.
In April of 1968 the plaintiff Moretti, owner of a Link Belt LS 408 Dragline *495 made an oral lease thereof to Square Deal. The latter subleased to Morrison, which took possession direct from the lessor.
There was eyidence that in leasing the dragline to Square Deal, Moretti did so with the knowledge that Square Deal was not to use it and was to sub-lease it to Morrison to be used by the latter. Also there was evidence that by the oral lease of the machine to Square Deal there was imposed upon the latter the obligation for payment of the rental at the rate of $3,500 per month (for a period of four to six months, with a minimum term of four months) and obligation to maintain the machine in repair and return it in condition as when leased. Square Deal disputed it was or became liable for repairs or for condition of the machine, and took the position that the latter obligations, if any, were imposed upon Morrison, which had possession of and operated or attempted to operate the machine, under its written lease of sub-lease therefor.
On its appeal, Square Deal contends the trial court committed error by submitting to the jury, in addition to the issue as to the rental, the issue of liability of Square Deal for damage to the machine. Under charges by the court, there were presented for decision by the jury the issues as to damages to the machine and as to whether Square Deal or Morrison had become obligated therefor. We find no error there. The issues in question were raised by the evidence, and the determination thereof properly was presented to the jury. See United States v. Seaboard Machinery Corporation, 5 Cir. 1959, 270 F.2d 817.
Square Deal also contends the trial court erred in overruling its objection to a portion of the closing argument of the attorney for plaintiff, wherein the latter argued that plaintiff was entitled to rental for a period in excess of the rental period initially provided for. Appellant Square Deal contended it was prejudiced thereby by the recovery of rental for a period beyond that for which the lease had provided. The machine was not returned, or the possession thereof regained by the lessor until a time which was approximately eight months after the making of the lease. On the conflicting evidence, it was the province of the jury to decide whether the possession was retained for that period by the lessee and sub-lessee as claimed by the lessor, or whether the machine had been made available to the lessor earlier so as to preclude it from becoming entitled to rental for such excess period, as claimed by the lessee and sub-lessee, and for the jury, based on its resolution of such issues to find the amount of rental which was payable.
We have considered the arguments presented with respect to the judgment for Square Deal against Morrison and the judgment in favor of the latter on its counterclaim against Square Deal, and conclude that no reversible error has, been shown with respect thereto.
The trial of this cause took more than a week’s time. The case was complicated by the presence of the cross-claim and counterclaim. It was submitted to the jury on charges properly tailored to the pleadings and the evidence, and we have been shown no reason sufficient in law to disturb the judgment entered on the jury verdicts which were rendered.
Affirmed.